<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4659**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DARRYL TERRY,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:13-cr-00116-H-1)

Submitted: March 26, 2015        Decided: April 7, 2015

Before SHEDD, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Terry pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 110 months' imprisonment. Terry appeals, challenging the procedural reasonableness of his sentence. For the following reasons, we affirm.

At sentencing Terry sought a downward variance, asserting that his personal history and characteristics were mitigating factors and arguing that, in essence, the criminal history category overstated the seriousness of his history. The district court denied Terry's request and sentenced him at the bottom of the Guidelines range.

On appeal, Terry asserts that the district court erred by failing to address his arguments for a downward variance and failing to explain why it rejected those arguments in imposing a within-Guidelines sentence. The Government responds that the district court expressly rejected the variance request and its reasons were clear based on the hearing's context. Alternatively, the Government asserts that any error by the district court was harmless.

A sentence is procedurally reasonable if the district court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the § 3553(a) factors, does not rely on

clearly erroneous facts, and sufficiently explains the selected sentence.  See Gall v. United States, 552 U.S. 38, 49-51 (2007). As we have explained, "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).  The explanation must be sufficient to allow for "meaningful appellate review," such that we need "not guess at the district court's rationale."  Id. at 329, 330 (internal quotation marks omitted).

Where, as here, the defendant properly preserves the issue of procedural reasonableness below, this court must reverse unless the error was harmless.  United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010).  The government bears the burden of demonstrating "that the error did not have a substantial and injurious effect or influence on the result [such that this court] can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks and alterations omitted).

After reviewing the sentencing transcript, we conclude that the district court's explanation was insufficient to render the

sentence procedurally reasonable. The court did not expressly address why it rejected Terry's arguments for a downward variance or why it selected a 110-month sentence. Such a failure constitutes procedural error. Lynn, 592 F.3d at 585.

Nevertheless, the government has satisfied its burden of demonstrating that the district court's error was harmless. The district court confirmed its familiarity with Terry's background and personal circumstances as relevant to the § 3553(a) sentencing factors when it adopted the presentence report, ordered child support, and referenced a letter in support of Terry that it had received and read. Additionally, Terry's arguments for a downward variance were not persuasive, especially in light of his criminal history. See Boulware, 604 F.3d at 839-40 (explaining that comparative weakness of a defendant's arguments for a lower sentence is one reason to decline to remand a case for further explanation). Moreover, the sentencing transcript reveals that the district court considered Terry's arguments for a downward variance, as this was the only issue contested at sentencing, and the court imposed sentence immediately after hearing the attorneys' arguments. Thus, we are persuaded that, in this case, any error in the district court's explanation for the sentence it imposed is harmless and that remand is not warranted.

Accordingly, we affirm Terry's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED